Good morning, Your Honors. My name is Katherine Lowe. I am a certified law student and I am representing the petitioner in this case, Mr. Sinsaeng. At this time, I would like to reserve three minutes for rebuttal. Thank you. The issues in this case are, first, whether the BIA can dramatically alter the traditional generic definition of obstruction of justice, thereby upsetting Mr. Sinsaeng's settled expectations of deportability when he pled nola contendere in 2007, years before the BIA redefined obstruction of justice in Valenzuela, Gallardo. Second, this Court must determine whether the generic definition is a categorical match to Mr. Sinsaeng's statute of conviction. Third, in the event this Court adopts the new definition in Valenzuela, Gallardo, whether this new definition upsets Mr. Sinsaeng's settled expectations of deportability when he pled nola contendere in 2007. In 1999, in matter of Espinoza-Gonzalez, the BIA defined obstruction of justice as active interference with the proceedings of a tribunal or investigation or action or threat of action against those who would cooperate with the process of justice. However, in 2012, in matter of Valenzuela-Gallardo, the BIA dramatically departed from this narrow definition and redefined obstruction of justice broadly as interference with the process of justice. But Espinoza wasn't about the timing. It was about the intent, right? In other words, Ms. Prisoner Fallon doesn't have, unlike accessory, that is 18 U.S.C. Section 4, unlike Section 3, does not require an intent to obstruct justice. Ms. Prisoner Fallon, the only element, really, that goes to the state of mind is knowledge regarding the person's status. So I could just be wanting to help a friend and let him stay in my house, knowing that he's wanted. I mean, I'm not trying to obstruct justice. I'm just trying to help a friend. That's my intent. I still can be convicted of Ms. Prisoner Fallon. And that's, it seems to me, what the BIA was getting at in Espinoza. There was some unfortunate language, perhaps, that as later BIA said the Ninth Circuit could have misinterpreted. But there's nothing in there to suggest they were looking at the specific timing. Or am I wrong on that? In matter of Espinoza-Gonzalez, when the BIA first defined obstruction of justice, it looked to different sources. It looked to the text of the statute. It looked to Black's Law Dictionary. It looked to the previous Supreme Court decisions. And it came up with a common set of elements. And one of the elements was the requirement of ongoing judicial proceedings. Well, it doesn't say ongoing is the problem, right? It doesn't use that term. It just talks about proceedings. And the way the Ninth Circuit later interpreted it, the language, was active interference with proceedings of the tribunal or investigation. One could read that to me in a pending, I suppose, or you could read it otherwise. But there's nothing in that case that suggests the Court was looking at timing. Is there, as opposed to the intent under Section 4? As Your Honor said, in the subsequent cases that this Court decided, in Huang v. Holder, they interpreted the decision in matter of Espinoza-Gonzalez as ongoing proceedings. In those cases, they interpreted the process of justice as to require ongoing judicial proceedings. Right. I understand that that's how they read Espinoza. But Salazar also said that you – whether or not defense qualifies depends exclusively on whether it falls within Chapter 73. And I have to be careful as a district judge not to be critical of the Ninth Circuit, I suppose. But it seems to me that was just wrong, because instead the BIA said we're informed by Chapter 73, not that we look exclusively at Chapter 73. Yes. In Espinoza-Gonzalez, they didn't incorporate all the sections in Chapter 73 into their definition. They only looked to the general elements of the statute. Although there are statutes, provisions in there that may not require ongoing judicial proceedings, when the BIA – when the BIA came up with its decision, it looked to the general elements of that statute and determined that a common element is ongoing judicial proceedings. And then when the BIA then reinterpreted the definition in Valenzuela-Gallardo, they eliminated this definition – this element of ongoing judicial proceedings. And for that reason, this Court should not draft General Deference. But what if – what if it is a C change? What if it really is a change? What's your best authority that they can't do that? As long as it's a reasonable interpretation of the statute. Even if it is a reasonable interpretation of the statute, the interpretation still must be a permissible interpretation of the statute. And in this case, the statute is an impermissible interpretation because it is – it is an interpretation that is unworkably vague. In defining obstruction of justice in Gallardo, they define – Kagan. Can I stop you there? Because my question was a little bit different. Okay. And I want to hear your answer about why you think it's an unreasonable interpretation of the statute. Okay. But my question, to get back to it, was whether or not you think there's a problem with them changing their minds. I understand you think it's truly a C change, not just a clarification. Would there be something inherently wrong with that? There is – there – the BIA is entitled to change its mind and change its definition. However, in changing the definition, it must come up with adequate justification for doing so, and the new definition must be a permissible definition. All right. So you – and you think it's not a permissible definition, which is about – you're about to tell me why. Yes, Your Honor. Okay. This definition is not permissible because it represents a dramatic departure from the traditional definition. And the new reasoning that the BIA, for the new definition, is a dramatic departure from its previous reasoning in Espinoza-Gonzalez. What is the legal significance of that? Because we have Brand X, what is the legal significance, if you're right, if it is a dramatic departure? I'm not sure it is, but if you're right on that, what is the legal significance  of that? Let's say it's a moderate departure or a minimal departure versus dramatic departure. What is the legal significance of that? Well, in a Supreme Court case, Smiley, when they were discussing the issue of Chevron deference, the Court stated that a sudden and unexplained change or change that does not take into account the legitimate reliance on prior interpretation may be arbitrary, capricious, or abuse of discretion. Well, they explained it. It's not sudden and unexplained, is it? Well, in this case, they argue that it's a clarification of the previous definition. But it's not a clarification of the previous definition. It's a departure from the previous definition. All right. And so I don't want to belabor the point, but your position is that just departing in and of itself is impermissible? When it's a departure where they don't explain the departure from the previous definition. So is your position the greater the departure from existing law, the greater the explanation as to the reason for that departure the BIA owes us? Is that your view? Well, there must be a reason for the departure in any departure in any case. Any departure from previous definition. In this case, Mr. Senseng relied on this previous definition in Espinoza-Gonzalez when he made, when he planned a little contender in 2007. And so when the view definition in Valencia-Gallardo was defined, it upset his expectations that he had when the definition in Espinoza-Gonzalez was in place. Right. So you have to show those, on the retroactivity analysis, that's where you're going. You have to show an abrupt departure from well-established law. Yes. So your view is this is an abrupt departure? Yes, this is an abrupt departure. Tell us why. This is an abrupt departure because in 1995, when the Supreme Court defined the catch-all provision in Section 1503, it defined, it required a nexus between ongoing proceedings and the act. And then in 1999, the BIA similarly defined obstruction of justice in Espinoza-Gonzalez as requiring an element of ongoing judicial proceedings. Well, where does it say that in Espinoza? Does it use the word ongoing or pending anywhere in Espinoza? It uses, the definition in Espinoza is active interference with proceedings of a tribunal. However, at the end of the definition, it, that term process of justice has been interpreted by the Ninth Circuit cases, by this Court's cases, as requiring ongoing judicial proceedings. And so when this Court, this Court then endorsed the definition in its later cases, and in 2012, the BIA dramatically departed from this previous definition, which Mr. Senseng had previously relied on. Right. But the Ninth Circuit cases that talked about pending proceedings came after he pled guilty, right? So he could not have relied on those because they came afterwards. So he'd have to be relied on Espinoza. There's nothing but Espinoza, in other words, that was in the legal framework that applied at the time he entered his plea. Is that accurate? Your Honor, after Espinoza-Gonzalez, there were unpublished BIA cases that, that used the definition in matter of Espinoza-Gonzalez in defining obstruction of justice. And so those cases show that the BIA was using that definition. When you say that definition, were the unpublished opinions referring to or assuming that the proceedings had to be pending proceedings? Yes, Your Honor. They adopted the Espinoza-Gonzalez definition of obstruction of justice. Well, interestingly enough, I found one, an unpublished decision from 2006, where the Board said, we look to whether the elements of the offense reflect an affirmative and intentional attempt to interfere with the process of justice. The same language they're now using. Your Honor, there are BIA – there are – I'm not aware of that case, but there are cases where the BIA has adopted the Espinoza-Gonzalez definition of obstruction of justice. You're down to two minutes. Do you want to reserve it? Yes, please. Thank you, Your Honor. Good morning. May it please the Court. Amy Carmichael for the government. So at issue in this case is whether the Petitioner's conviction for dissuading a witness or victim constitutes an aggravated felony within the meaning of 8 U.S.C. 1101A43-S as a crime relating to obstruction of justice. The Board applied its definition as set forth most recently in matter of Valenzuela Gallardo to conclude that dissuading a witness required an action undertaken with specific intent to interfere with the process of justice and thus constituted a crime relating to obstruction of justice. Because the Board's published decision outlining the definition of obstruction of justice is of deference and properly should be applied to the Petitioner's case, the Court should affirm the Board's decision. I have a different question on this case. This particular statute is a wobbler. Yes. So it can be a misdemeanor or a felony. Yes. So why is it categorically fit? If, for example, hypothetically someone is convicted of the statute and it's a misdemeanor, why would that conviction categorically qualify as an aggravated felony? Okay. I understand. I think there's two separate issues. One is whether it's categorically – it categorically falls within the definition of relating to obstruction of justice. And the second is whether it meets the requisite sentence. So the question that we're really talking about here is whether all of the actions and the elements line up. And then it's a separate question. Right. But what the Board said in this case is that a conviction under this statute categorically qualifies. Yes. So are you saying that if it's a misdemeanor, it wouldn't categorically qualify? Right. We're saying our argument is that the elements categorically bring it within the definition, and then provided there is also a term of a sentence of at least one year, then it is. And there's no dispute in this case that he was sentenced to at least one year. I understand that. So we're really focusing on whether the elements line up with the definition. What does the statute require? Is it one year or over one year? Well, this particular subsection is a wobbler offense. No, no. I'm talking about the immigration law. Oh, the immigration law requires at least one year. At least one year. So it can be a full misdemeanor. Well, you would have to be sentenced to one year. I understand that. But you could be sentenced to one full year under a misdemeanor. I believe usually it's at least one year. It is a felony. But the – but you have to be – you have to have that sentence. That sentence being the term of time or the label felony or misdemeanor? No. It's the term of time, not the label. I guess what I'm getting at is can you be convicted of an obstruction-related offense that is a full misdemeanor and be sentenced to one full year in prison and be disqualified as a result? Oh. The question isn't whether the underlying offense is a felony or misdemeanor. The question is – Right, right. No. But, I mean, if you're sentenced to one year as a misdemeanor – Oh. You've still met the – You're an aggravated felon. Yeah. You don't have to be a felon under state law. You have to have the requisite sentence, and the sentence is at least one year. In federal law, one year equates to a felony, and that's what we're looking for here. Does that make sense? Go ahead. I always thought – after a look, I always thought a misdemeanor you could sentence up to one year. Yeah. Well, okay, so you can technically be sentenced to a misdemeanor, but it has to be that one year. But that's how you're an aggravated felon. If it's 364 days, no good, 365 days. Don't you find that a bit odd that you are convicted of a misdemeanor and considered an aggravated – not just a felon, but an aggravated felon? You'll have to take that up with Congress, Your Honor. That's how Congress decided to determine that these various statutes meet the level of severity that they're looking for. They're looking at the sentence. I mean, if you look at other provisions within the aggravated felony definition, it's similar. For example, for a theft offense, many of the states, to get a one-year conviction for a theft offense, it's only like $100 or $200, but you have to have that one-year conviction. It's not – that's what we're looking for. So Congress deemed that if you do something that's sufficiently serious that it gets the one-year conviction, that makes you an aggravated felony regardless of how it's characterized under state law. So the question here is whether the elements of the offense meet the board's definition of what an obstruction of justice crime is because he has met that one-year offense – that one-year sentence. Sorry. So in this case, the crime at issue requires an attempt to prevent or dissuade a person who is a victim or witness to a crime from making any report of the crime to a designated official, and it is a specific intent crime. So the prosecution is required to demonstrate that the defendant's actions were intended to affect or influence the potential witness or victim's testimony or acts. The board – this lines up with the board's definition as put forth in a matter of felon's vela glario, and that is a reasonable interpretation. The board in that case reaffirmed its prior holdings and clarified that obstruction of justice requires an affirmative and intentional attempt motivated by specific intent to interfere with the process of justice, and this crime does precisely that. You can't have any justice happen at all if the victim or witness is prevented from reporting the crime in the first instance. It seems to me that the Court has some concerns about the retroactive application, so I do want to discuss that briefly. Batista-Hernandez explicitly found a crime to be obstruction of justice that did not require an ongoing proceeding, and that was in 1997, well prior to the Petitioner's plea in this case, which was in 2007. And the Court did not – this Court did not address any of these issues until 2008 after that plea. Now, the combination of Batista-Hernandez and matter Espinoza may have muddied the water a little bit and may not have made it abundantly clear whether or not his crime would be an aggravated felony, but matter of Batista-Hernandez clearly brings this within the ambit. This is something that he should have known could put him into immigration proceedings because it's clear that in not all instances is an ongoing proceeding required. Now, the Board subsequently clarified its position, which it did prior to him actually being – appearing before an immigration judge. His notice to appear was issued a matter of days before matter of Valenzuela-Gallardo was issued, and by the time he appeared before the immigration judge, that case had been issued. So all the relevant times, he's – he's on notice that no proceeding doesn't necessarily end the question. And I think that there's – I couldn't get the last thing you said. He's on notice of what? The mere fact that there was not an ongoing proceeding is not going to be sufficient to answer the question, because Batista – So he knew he was at risk is what you're arguing. He's at risk. Okay. Now, he – I think what Hoang makes clear is that maybe he had some viable arguments that he could have raised at one point or another. But that's not sufficient to say that this is a settled expectation. He – the case law previously left some holes in the definition, but the fact that the case law has continued to develop isn't – isn't sufficient for us to say that applying this rule to him would be impermissibly retroactive. Unless the Court has any further questions.  Thank you, counsel. Thank you. Petitioner for rebuttal, the definition in Valencia y Algarro is not a reasonable definition. It is a dramatic departure from the definition in Espinoza-Gonzalez. In Espinoza-Gonzalez, the BIA's reasoning references the text of the statute itself. It recognizes that the term relating to obstruction of justice is placed with other terms, such as bribery of a witness, perjury, subordination of perjury, that all have ongoing judicial proceedings. And so in using that reasoning, it limited its definition to ongoing judicial proceedings. In addition, it referenced Black's Law and Aguilar, which also indicated that Black's Law was limited to ongoing judicial proceedings. Additionally, Mr. Sinsang did have a reasonable reliance on the Espinoza-Gonzalez definition of ongoing judicial proceedings in defining obstruction of justice. Although the later Ninth Circuit cases were not in place at the time of his plea, when the BIA in Gallardo, in its decision in that case, it stated that it was understandable for the Ninth Circuit to interpret the definition of obstruction of justice as requiring ongoing judicial proceedings. And so if it was understandable for the Ninth Circuit to interpret the definition as requiring ongoing judicial proceedings, it would be reasonable for him to do so. Thank you, counsel. Thank you. Thank you all for your arguments. The case is here to be submitted. I want to thank University of California Davis for your pro bono representation. Thanks, Ms. Cooper, for your good work with the program. We will be in recess. It may well be, depending on that we want some additional briefing on these important questions, and if so, we'll let you know. And thank all of you for bearing with us this morning.
judges: Seabright, Thomas, Christen